_____

No. 96-3109
_____

Moore Business Forms, Inc.,      *
                                 *
          Appellee,              *
                                 *   Appeal from the United States
     v.                          *   District Court for the
                                 *   Northern District of Iowa.
Glenda K. Wilson; Michael D.     *
Wilson,                          *        [UNPUBLISHED]
                                 *
          Appellants.            *

_____

Submitted:  December 12, 1996

Filed:  December 30, 1996
_____

Before BOWMAN and HEANEY, Circuit Judges, and STROM,[1] District
     Judge.
_____

PER CURIAM.


     Defendants Glenda K. Wilson and Michael D. Wilson appeal from
an order of the District Court[2] granting a preliminary injunction
in favor of plaintiff Moore Business Forms, Inc.  The order enjoins
defendants from violating restrictive covenants in their employment
agreements.  The District Court determined that a preliminary
injunction prohibiting defendants from selling business forms and
related products was warranted as to several key accounts, but not
as to other less significant accounts.


     We have read all of the materials submitted by the parties and
have considered their arguments.  We conclude that the order of the

_____

    [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska, sitting by designation.

    [2]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

District Court is solidly grounded in the law of Iowa, which governs the validity and enforceability of the restrictive covenants at issue in this case, and that the court, having carefully considered the Dataphase factors, see Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc), did not abuse its discretion in entering a preliminary injunction in favor of Moore. Because an opinion by this Court would add nothing of substance to the District Court's analysis of the case, we affirm without further discussion on the basis of that court's thorough and well-reasoned opinion.

The Wilsons argue that Moore should be required to give security. The District Court is directed to consider the matter and to exercise its discretion as to whether Moore should be required to post bond.

AFFIRMED. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.